**T. L. HERBERT & SONS, INC., Appellant-Plaintiff,**

v.

**Jayne Ann WOODS, Commissioner of Revenue of the State of Tennessee, and Joe E. Torrence, Finance Director of the Metropolitan Government of Nashville and Davidson County, Tennessee, Appellees-Defendants.**

Supreme Court of Tennessee.

July 6, 1976.

Ames Davis, Nashville, for appellant-plaintiff.

Alex Shipley, Jr., Asst. Atty. Gen., Edward W. McCabe and Donald L. Corlew, Metropolitan Legal Department, Nashville, for appellees-defendants.

OPINION

HARBISON, Justice.

This case involves the construction and application of an exemption enacted in 1973 to the Tennessee Retailers' Sales Tax and the compensating use tax.

The case was disposed of on summary judgment in the trial court. In the trial court, the taxpayer urged constitutional issues as well as the interpretation of the recent statute, and denied the power of the State to levy the tax in question.

As the case comes here, however, the constitutional questions have been abandoned. The only remaining issue is one of statutory construction and the application of undisputed, although quite meager, facts on a very abbreviated record.

The taxpayer is a Tennessee corporation with its principal office in Nashville, Tennessee. It is engaged in commercial towing on navigable inland waters of Tennessee and other states, and in the coasting trade. No issue is taken by either party to the following findings of fact contained in the memorandum of the trial court:

"The cargoes transported by plaintiff move wholly in interstate commerce, that is, all such cargoes either originate from or are destined for points outside the State of Tennessee. In March of 1974, plaintiff purchased the M/V Martha Anne, a towboat of approximately eighty-one tons, from Scully Boatworks in Stephensville, Louisiana and took delivery of the towboat in the Mississippi River, off Stephensville. Since that time the M/V Martha Anne has been used at all times and is now being used in plaintiff's interstate commercial towing business, specifically, to make tows in the Nashville harbor which are destined for ports outside Tennessee; to deliver barges from tows arriving in the Nashville harbor from outside Tennessee to their ultimate destinations within the state; and to move barges and tows between the Nashville harbor and ports outside the state. The M/V Martha Anne itself seldom ventures outside the territorial waters of the State of Tennessee."

It appears from answers to interrogatories filed in the record that when appellant purchased the vessel, no sales tax was paid to the State of Louisiana, because the sales tax law of that state expressly exempts such transactions.[1] The vessel was brought to Tennessee shortly after its purchase, and has been used in and around the Nashville harbor almost exclusively since that time. There is no question but that it has "come to rest" within the territory of Tennessee, and has become a part of the "mass of property" used here. As previously stated, the taxpayer now concedes that the use of the vessel within the State of Tennessee, under the foregoing facts, is clearly within the taxing power of the state, and that the

levy of a use tax upon the ownership, possession and operation of the vessel under the facts above described would clearly be within the constitutional power of this state. For an analogous situation involving the ownership and use of an aircraft within the state, see *Vector Company, Inc. v. Benson*, 491 S.W.2d 612 (Tenn.1973).

In 1973, however, the General Assembly enacted the following specific exemption from the sales and use tax statutes:

"There shall also be exempt from sales tax the transfer, by any dealer in personal property, of vessels or barges of fifty (50) tons or over of displacement where the purchaser gives the seller an affidavit that such vessels are being purchased for use in interstate commerce or outside the state of Tennessee; and any such vessel shall also be exempt from use tax so long as it is being used in interstate commerce." T.C.A. § 67–3012 (Tenn. Public Acts 1973, ch. 173).

The purchase and use of the towboat by appellant have occurred since the effective date of this exemption. Despite the fact that the vessel was exempted from sales tax in Louisiana, the taxing authorities of Tennessee have insisted that its use within the borders of this state, in the manner above stated, subject it to a use tax. The taxpayer contends that such use is in interstate commerce and falls within the exemption above quoted.

■ The trial judge concluded that the vessel was not being "used in interstate commerce", so as to fall within the purview of the exemption. His findings, however were based largely upon the discussion of constitutional issues, and upon the taxpayer's contention that the state could not constitutionally levy a tax upon a vessel used as described above. As previously stated, the trial court was clearly correct in holding that the taxing power of the state does attach to such use, and that the state may validly tax some aspects of "interstate commerce".

1. La.Rev.Stats. § 47:305.1 (1970).

There was no evidentiary hearing in this case, and both sides rested their claims for summary judgment upon the pleadings, an affidavit of an official of appellant, and answers to interrogatories propounded to the appellant. From these, there seems to be no question but that the vessel at all times has actually been used to transport cargoes moving in "interstate commerce" as that term is generally accepted and defined. It is not engaged in moving intrastate or local cargoes, although the vessel itself seldom leaves the territorial borders of the state.

The exemption clearly undertakes to exempt from the Tennessee sales tax the sale and transfer by Tennessee boat builders or dealers of certain vessels described in the statute, when such sales are accompanied by an affidavit that the purchaser intends to use the vessel outside of the state or to devote its use to interstate commerce.

As stated in *Vector Company, Inc. v. Benson,* 491 S.W.2d 612, 613 (Tenn.1973):

"The use tax is complimentary to the sales tax and is applicable with respect to tangible personal property imported from outside the state and used by the importer within the state. Each such use is defined to be the equivalent of a sale at retail to which the appropriate tax shall immediately apply."

The use tax statute, T.C.A. § 67–3005, insofar as here pertinent, bearing the caption "Use tax on imports" provides:

"On all tangible personal property imported, or caused to be imported from other states or foreign country, and used by him, the 'dealer' as defined in § 67–3017, shall pay the tax imposed by this chapter on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption in this state. For the purposes of this chapter, the use, or consumption, or distribution, or storage to be used or consumed in this state of tangible personal property shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided

herein, provided there shall be no duplication of the tax in any event." T.C.A. § 67–3005.

Detailed definitions of the term "use" are found in T.C.A. § 67–3002(m).

Were it not for the 1973 exemption in question, it is hardly debatable but that the taxpayer would owe a use tax to the state and to the Metropolitan Government as a result of bringing the vessel into Nashville and using it there. T.C.A. § 67–3012, however, contains a number of exemptions from the sales and use tax, and the exemption in question appears to exempt sales occurring in Tennessee of towboats such as the one involved here, and also to exempt use in Tennessee of "any such vessel".

It is argued on behalf of the State that this use tax exemption only applies to vessels sold in Tennessee and exempted from the Tennessee sales tax; that is, the State argues that if a vessel is exempted from the Tennessee sales tax, the Commissioner is also prohibited from levying a use tax against the same vessel. This, to us, is not the proper construction or meaning of the exemption. As previously stated, the use tax is complimentary to the sales tax and is applicable to personal property imported into the state, not to personal property sold or transferred within the state. The construction or interpretation of the statute proposed by the Department of Revenue is, in our opinion, erroneous and renders inoperative the use tax exemption sought to be granted by the General Assembly.

The sale of the vessel in question was, of course, not subject to the Tennessee sales tax under any circumstances, because it occurred within the territorial waters of the State of Louisiana. Its use within Tennessee is entirely in "interstate commerce", according to such facts as appear in the record, and such use is, therefore, within the terms and provisions of the exemption created by the 1973 statute.

The facts show that at the time of the purchase of the vessel by appellant, no affidavit such as that required in the Tennessee statute was given, but no such affidavit is

required by the law of Louisiana, which governs the sale itself. The requirement of the affidavit pertains to sales and transfers which are subject to the Tennessee sales tax law. There is no requirement of such affidavit in connection with the use of a vessel purchased in another state and brought into Tennessee.

The words "such vessel" found in the use tax exemption appear to refer to vessels or barges of fifty tons or over of displacement, and the vessel in question falls within that description. It has continuously been used in interstate commerce since being in Tennessee, and "so long as it is being used" in that manner, it falls within the purview of the exemption.[2]

The judgment of the trial court is reversed and the cause is remanded to the trial court for entry of an appropriate judgment against the respective state and local officials, the tax in question admittedly having been paid under protest. Costs of the cause will be taxed to appellees.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.

---

**2.** For application of a somewhat similar exemption of vehicles used for "movement in interstate commerce," see *United Parcel Service, Inc. v. Armold,* 218 Kan. 102, 542 P.2d 694 (1975).